942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERICAN STATES INSURANCE COMPANY, Plaintiff-Appellee,
v.
Alberto PINTO, Defendant-Appellant.
 No. 90-16456.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 13, 1991.
Decided Aug. 15, 1991.
 
 Before JAMES R. BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The appellant, Alfredo Pinto, appeals the district court's order granting summary judgment in favor of American States Insurance Company (American States) in its action for declaratory relief and reimbursement. American States provided commercial general liability insurance for Antiqua, Pinto's antique business at 777 Bridgeway in Sausalito, California.
 
 
 3
 Pinto was also the president and sole executive officer of Marina Yachting Fashions, Inc. (Marina Yachting), a fashion boutique, and he managed its retail store at 30 El Portal in Sausalito. In the course of Pinto's work at the retail store, a salesperson, Windy Ruiz, sued him in the Superior Court of California for sexual harrassment, retaliatory discharge, breach of contract, breach of the covenant of good faith and fair dealing, battery, and violations of the California Labor Code. American States agreed to defend Pinto, but fully reserved its right to challenge any obligation to do so under its policy with the antique business. Ultimately the case settled. American States paid the settlement amount and Pinto's attorney fees, but was awarded complete reimbursement by the district court in the action for declaratory relief.
 
 
 4
 Pinto now claims the district court erred in granting summary judgment in favor of American States. He argues that there are issues of fact surrounding the policy coverage with respect to the Ruiz action.
 
 
 5
 We have diversity jurisdiction under 28 U.S.C. § 1332. We affirm.
 
 DISCUSSION
 
 6
 The district court found that during the period in which Pinto sexually harrassed Ruiz and then fired her, from August 20, 1987, until December 26, 1987, Pinto had a personal services contract with Marina Yachting. The court found that an earlier agreement between Antiqua Design Studio and Marina Yachting for similar services by Pinto was no longer effective and that Pinto was not acting on behalf of Antiqua Design Studio when he harrassed Ruiz.
 
 
 7
 The record supports the ruling. It reflects that the "Services Contract" between Antiqua Design Studio and Marina Yachting terminated on December 31, 1986, and that Pinto understood it terminated then. Even if this contract had not ended, the policy does not insure Antiqua as a design studio, but rather as "antique stores." The premium Pinto paid was based upon gross sales from the sales of antiques only.
 
 
 8
 There is no material issue of fact. Antiqua Design Studio was not covered by the American States policies that covered the antique business. Pinto was not "an insured" while performing a personal services contract for Marina Yachting. We need not reach his other arguments.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3